The Honorable Sam E. Angel II State Representative Post Office Box 748 Lake Village, Arkansas 71653
Dear Representative Angel:
This is in response to your request for an opinion on the following questions:
 Does A.C.A. § 26-35-601(2) allow a third party with a secured interest in a parcel of real estate to pay the real estate taxes on said real estate prior to the personal property taxes being paid? Also, if the answer to the question is yes, what documentation, if any, should be provided to the collector of the secured interest in the property and who should provide it?
In my opinion, the answer to your first question is "yes." Arkansas Code Annotated § 26-35-601(b) (Repl. 1992) provides that it is a misdemeanor for a collector willfully to accept payment of real estate taxes without requiring payment of any personal property taxes due from the taxpayer. Subsection (c)(1) of the statute states:
 It is the intention of this section to require the collection of personal taxes as reflected by the records in the office of the collector and to prevent a taxpayer from paying and the collector from receiving payment of general real estate taxes without payment of personal taxes if any personal taxes are shown to be due.
Subsection (c)(2), however, provides:
 The provisions of this section shall not prevent any person, firm, partnership, or corporation from paying general real estate taxes on property securing the payment of indebtedness due the person, firm, partnership, or corporation seeking to pay the taxes.
In my opinion, the clear intent of this subsection is to permit a mortgagee or other lien holder to pay real estate taxes due upon the property that is the subject of the lien regardless of whether personal property taxes are then due from the mortgagor and regardless of whether any personal property taxes then due are simultaneously paid.
In response to your second question, it is my opinion that the collector may require a person paying real estate taxes on behalf of another to produce such documentation or other evidence of the lien as will suffice to permit the collector reasonably to conclude that he will not be in violation of subsection (b) of the statute by accepting the payment, or that any violation will be inadvertent rather than willful. As the statute does not address the question, I am unable to provide a definitive opinion with respect to precisely what documentation may be required. A copy of the recorded mortgage or other instrument evidencing the lien might be sufficient in normal circumstances. One might argue that a person's mere willingness to pay taxes shown to be due from another should be sufficient evidence of the existence of a lien. The statute appears, however, to leave the decision of what, if any, evidence to require in the reasonable discretion of the collector.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh